UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bruce Arnoff,                                              Case No. 3:22 CV 1028

           Plaintiff,                              JUDGE JAMES G. CARR

    v.

                                              OPINION AND ORDER

Allen Correctional Institution, *et al.*,

           Defendants.

      *Pro se* Plaintiff Bruce Arnoff filed this action under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and Title VII, 42 U.S.C. § 2000e and 28 U.S.C. § 2254  against the Allen Correctional Institution ("ACI"), ACI Warden Haviland, and the Ohio Department of Rehabilitation and Correction ("ODRC").   In the Complaint, Plaintiff alleges the Defendants failed to promptly respond to his complaints about his cellmate's inappropriate behavior.  He claims the staff were negligent and acted with deliberate indifference to his safety.  He seeks monetary damages.

## I. Background

      Plaintiff indicates that in July 2020, his cell housed three inmates, of which he was one.  The cell's configuration was such that the bottom bunk in which Plaintiff slept was close to the toilet in the cell.  Plaintiff alleges that on July 3, 2020, he awoke when his cellmate, James Sudberry, grabbed his hair.  He opened his eyes to see Sudberry sitting naked on the toilet and masturbating.

Plaintiff alleges he yelled at Sudberry who immediately jumped up and wrapped himself in sheet from his bed. He vehemently denied that he had been engaged in sexual conduct. Plaintiff's other cellmate, Joseph Benasutti, awoke when Plaintiff screamed. He and Plaintiff immediately left their cell and went to the Officer's desk to report the incident. He claims he was told they would make a report but nothing would happen. Plaintiff would just be moved to a different cell. He claims he made multiple attempts to file a report but no disciplinary action was taken against Sudberry. Plaintiff indicates it took three days to move him to another cell. Plaintiff alleges that the Warden and the prison psychiatrist were blatantly negligent for putting Sudberry in the general population instead of placing him in a mental health unit. He contends ACI and the ODRC need to be punished for failing to ensure his safety and for not taking proper precautions when the incident was reported.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

-2-

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.  Analysis

Plaintiff asserts that the Defendants were deliberately indifferent to his safety.  It appears he is attempting to assert a claim under the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration.  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor

can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999).  In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance.  *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Id.*  Seriousness is measured in response to "contemporary standards of decency."  *Hudson*, 503 U.S. at 8.  Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.  *Id.* at 9.  A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id*.  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to meet the subjective component for an Eighth Amendment claim.  The subjective component requires a showing that the Defendant knew of, and acted with deliberate indifference to, an inmate's  health or safety. *Wilson*, 501 U.S. at 302-03.  This standard is met if

-4-

"the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010)(citing *Farmer*, 511 U.S. at 837).

The Allen Correctional Institution is a subunit of the ODRC, which is an agency of the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).  Moreover, Plaintiff cannot bring a general claim under the eighth Amendment against the prison or the ODRC without specifically naming the individuals responsible for the actions to which he objects.  This is insufficient to meet the subjective component.

Plaintiff also names the warden of the prison as a Defendant.  He, however, does not allege any facts in his Complaint to suggest that the Warden personally knew of the incident that occurred with Plaintiff and failed to rectify the situation.  He fails to state a claim under the Eighth Amendment.

Plaintiff also lists Title VII, 42 U.S.C. § 2000e, 42 U.S.C. §§ 1985, 1986, 1988, and 28 U.S.C. § 2254 as causes of action.  He does not allege facts to support causes of action under these statutes nor does he explain how they apply in this case.  Title VII provides a cause of action for employment discrimination.  It is not applicable to this case.  42 U.S.C. § 1985 forbids "two or more persons" from conspiring for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws.  There must be some racial, or other class-based, invidiously discriminatory animus behind the conspirators' action. *Griffin v. Breckenridge,* 403 U.S.

88, 102 (1971). Plaintiff does not name more than one individual as a Defendant, does not allege facts suggesting there was a conspiracy, and does not allege facts suggesting his race was a motivating factor.  Because  §1986  imposes liability on those individuals who have knowledge of any of the wrongs prohibited by §1985, yet fail to prevent them, there can be no violation of § 1986 without a violation of § 1985.  Finally, 28 U.S.C. § 2254 is a habeas statute.  It does not provide relief in a civil rights action.

### IV.  Conclusion

Accordingly,  this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/James G. Carr

_____

JAMES G. CARR
UNITED STATES DISTRICT JUDGE

---

[1]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-6-